Per Curiam.
This record presents but a single question. In order to charge the defendant as indorser of a promissory note, the plaintiff’s counsel reqüested the court to charge the jury, that “ if the holder of the note was ignorant of the place where the indorsers resided at the time of protest, and could not ascertain it after diligent inquiry, notice sent to the place where the note bears date will be sufficient; ” which charge the court refused to give, and the plaintiff’s counsel excepted.
That the charge requested is in strict accordance with law is beyond doubt. In case the residence of an indorser cannot be ascertained after diligent inquiry, notice may be dispensed with entirely ; or the holder may send the notice to the place where the note bears date. This court has so decided on more occasions than one. Walker v. Tunstall, 3 How. 259; Hoopes and Bogart v. Newman, 2 S. & M. 71.
But it is contended, on the other side, that what shall be deemed due diligence, is a question of law, and that consequently the charge was properly refused. Some of the cases decide that where the facts are ascertained and undisputed, what shall constitute due diligence is a question of law. 1 Peters, 583; 6 Metcalf, 290. On this same principle, 'other cases decide that what is sufficient notice to charge an indorser, is a mixed question of law and fact, the facts being for the jury to decide, and the law for the court. Doubtless where the facts are found by special verdict, or agreed on by the parties, or rest on *258 proof which the court may decide on, the question is one of law; but where it depends upon the testimony of witnesses given before the jury, it is proper to submit the whole question to them under appropriate charges on the law. So we held in the case of Hoopes and Bogart v. Newman. But in this instance the court cut off all inquiry, by refusing to charge either on the law or on the facts.
We do not think it necessary or proper to decide on the question of diligence as presented by the proof in the case. We only decide that the charge refused by the court contains an undeniable legal proposition, and should have been given. By refusing it, the court virtually held, that inability to ascertain the residence of an indorser, after diligent inquiry, will not excuse the want of notice.
The judgment must be reversed and the cause remanded.